# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 04-6033ND
_____

In re:                                    *
                                          *
Jeremy M. Remily,                         *
                                          *
         Debtor.                          *
                                          *
                                          *
Kip M. Kaler,                             *
                                          *   Appeal from the United States
         Trustee - Appellant,             *   Bankruptcy Court for the District of
                                          *   North Dakota
         v.                               *
                                          *
Jeremy M. Remily,                         *
                                          *
         Debtor - Appellee.               *


_____

Submitted: March 2, 2005
Filed: April 1, 2005

_____

Before KRESSEL, Chief Judge, SCHERMER, and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal of the bankruptcy court's June 10, 2004 order denying the chapter 7 trustee's motion to abandon certain real property and directing the trustee to turn over to the Debtor $4,000 in the trustee's possession. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we reverse the court's order.

## I. STANDARD OF REVIEW

Findings of fact are reviewed for clear error, and legal conclusions are reviewed de novo. *Waterman v. Ditto* (*In re Waterman*), 248 B.R. 567, 570 (B.A.P. 8th Cir. 2000).

## II. BACKGROUND

The Debtor, Jeremy M. Remily, filed for protection under chapter 7 of the bankruptcy code on March 17, 2003. Kip M. Kaler was appointed the chapter 7 trustee ("Trustee") of the Debtor's bankruptcy estate. As of the date of filing, the Debtor owned certain rental property in Britton, South Dakota ("Britton Property") that was subject to three mortgages and assignments of rents held by, in order of priority: First Savings Bank, Capitol Bancorporation ("Bancorp"), and the Norbert J. Remily Trust ("Remily Trust"). From the petition date until February 2004, the Trustee collected $2,500 a month in rental payments from the tenants of the Britton Property. He paid $2,000 a month to First Savings Bank pursuant to its assignment of rents, but kept the remaining $500 each month until March 2004, when he paid that money (a total of $4,000) to Bancorp pursuant to its assignment of rents.[1]

On July 10, 2003, the Trustee initiated an adversary proceeding against the Remily Trust to avoid its third-position mortgage ("Remily Mortgage") and its

---

[1] Apparently, the Trustee did not learn of Bancorp's mortgage – which was not listed in the Debtor's bankruptcy schedules – until February 2004, when he conducted a title search on the Britton Property.

assignment of rents as preferential or fraudulent transfers. The Remily Trust settled that adversary matter by agreeing to, *inter alia*, assign its interest in the mortgage to the bankruptcy estate. The court approved the settlement on December 23, 2003.

In the meantime, on August 13, 2003, the Trustee and the Debtor had entered into a stipulation resolving the Trustee's objection to the Debtor's claim of exemption in the Britton Property. The stipulation provided as follows:

> The Trustee shall have the right to seek a buyer for [the Britton Property]. In connection with any sale of said property, the Debtor shall accept the sum of $4,000.00 in full and complete satisfaction of the Debtor's right to assert an exemption as to the same. In the event the Trustee is unable to sell the [Britton Property] and out of the net proceeds realize a return in excess of $4,000.00 for the Debtor Estate, the Trustee will withdraw his objection to the Debtor's exemption of said property and the Trustee and the Debtor Estate shall have no right, title, interest and/or claim respecting the same. (Appellant's Appendix at 72.)

The court entered an order approving the stipulation on August 21, 2003. The order specifically provided that "in the event the Bankruptcy Estate cannot sell the property...the Bankruptcy Estate shall abandon the property." (Appellant's Appendix at 7)

The Trustee was unable to sell the Britton Property, and on February 28, 2004, he entered into a sale agreement with second-position mortgagee Bancorp to sell the estate's interest in the Remily Mortgage to Bancorp for $4,000. A letter sent by the Trustee to Bancorp on February 3, 2004, indicates that the Trustee originally offered to release the third-position Remily Mortgage in exchange for Bancorp's agreement to allow the Trustee to keep the $4,000 the Trustee had collected in rents from the Britton Property (in which rents Bancorp had rights pursuant to its mortgage and assignment of rents). Ultimately, however, the Trustee paid Bancorp the $4,000 in

3

rents on March 2, 2004, and Bancorp subsequently agreed to pay $4,000 to the Trustee, upon the Court's approval, for the purchase of the Remily Mortgage.

The Trustee filed the motion to sell the Remily Mortgage on March 3, 2004, and a notice of intent to abandon the Britton Property on March 10. The Debtor did not object to the motion to sell, but he did object to the Trustee's notice of intent to abandon.

The court held a hearing on the Trustee's motion to sell and his notice of abandonment on April 22, 2004. At that time the court approved the sale of the Remily Mortgage to Bancorp but denied the Trustee's request to abandon the Britton Property, contrary to the parties' stipulation and the court's August 21, 2003 order requiring the Trustee to abandon the property if it could not be sold. Instead, the court found that the Trustee had actually abandoned the estate's interest in the Britton Property pursuant to the earlier agreement between the Trustee and the Debtor settling the Trustee's objection to the Debtor's exemption. The court further found that the $4,000 received by the Trustee from Bancorp, ostensibly for the sale of the Remily Mortgage, would be considered to be the equivalent of rents received on the Britton Property and should be turned over to the Debtor as exempt property. This ruling was memorialized in a written order entered on June 10, 2004, which the Trustee timely appealed.

### III. DISCUSSION

Although the facts of this case are somewhat convoluted, the ultimate issue on appeal is straightforward – that is, whether the court correctly determined that the $4,000 Bancorp paid the Trustee for the Remily Mortgage was the equivalent of rents and should therefor be paid over to the Debtor. We hold that it did not.

Based upon our review of the record, we do not believe that the evidence justifies the court's re-characterization of the proceeds the Trustee received from the

sale of the Remily Mortgage as rents from the property. Each transaction between the Trustee and Bancorp was separate, with distinct consideration. Bancorp held a valid assignment of rents on the Britton Property and thus was entitled to the $4,000 in rents collected by the Trustee but not paid to first-position lienholder First Savings Bank.[2] And the separate sale of the Remily Mortgage to Bancorp for $4,000 was approved by the court.

The fact that the Trustee turned over to Bancorp an identical sum shortly before moving for approval of the sale and the unproven allegation that the Trustee structured the transaction with an intent to deprive the Debtor of his alleged exemption rights in the rents are not sufficient to justify the court's finding that the proceeds the Trustee received from Bancorp constituted rents derived from the Britton Property.[3] The proceeds from the sale of the Remily Mortgage are preserved for the benefit of the estate under 11 U.S.C. § 551, as proceeds of an asset recovered pursuant to § 547.

## IV.  CONCLUSION

For the reasons stated above, we reverse the bankruptcy court's denial of the Trustee's motion to abandon the Britton Property and its order directing the Trustee

---

[2] Counsel for the parties agreed in oral argument that the $2,000 paid to First Savings Bank each month was sufficient to keep its note current.

[3] The Debtor's alleged exemption rights in the rents could not have been a justification for re-characterizing the nature of the proceeds because the Debtor did not have any exemption rights in the rents in the first place, inasmuch as they were subject to superior consensual liens in favor of First Savings Bank and Bancorp. But that issue is moot in view of our holding that the $4,000 the Trustee received from Bancorp was, indeed, proceeds from the sale of the Remily Mortgage.

to turn over the $4,000 received from Bancorp to the Debtor. The Trustee is entitled to retain the $4,000 as an asset of the bankruptcy estate.

---